# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PERRY R. NEAL,

            Plaintiff,

v.                                       Case No. 18-CV-697

STEVE DANIELS, et al.,

            Defendants.

## ORDER

On May 3, 2018, Perry R. Neal initiated an action in this district. Under Civil Local Rule 9, the court requires pro se prisoners seeking to commence an action under 42 U.S.C. § 1983 to use the court's standard complaint form. The court has a separate form that persons seeking a writ of habeas corpus must use. Neal did not use either of the court's required forms. Thus, Neal's intended nature of his filing was not readily apparent without closer reading. Personnel in the office of the Clerk of Court categorized his filing as a petition for a writ of habeas corpus. Neal now asks that the court reclassify the action as a civil action under 42 U.S.C. § 1983. (ECF No. 7.)

Neal's motion is **granted**. Having reclassified the action, the court must reconsider its order regarding Neal's motion for leave to proceed without prepayment of the filing fee.

The total cost of filing a civil action is $400.00, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. However, the $50.00 administrative fee does not apply to persons granted leave to proceed without prepayment of the filing fee. Pursuant to the Prison Litigation Reform Act (PLRA), a prisoner plaintiff proceeding without prepayment of the filing fee is required to pay the statutory filing fee of $350.00 for any civil action. *See* 28 U.S.C. § 1915(b)(1).

Under the PLRA the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the initial partial filing fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Neal filed a certified copy of his prisoner trust account statement for the 6-month period immediately preceding the filing of the complaint as required under 28 U.S.C. §

1915(a)(2). A review of this information reveals that, for the 6-month period immediately preceding the filing of the complaint, the average monthly deposit to Neal's prison account was $23.87 and the average monthly balance in the account was $37.93. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), Neal is required to pay an initial partial filing fee of **$7.59**. Neal shall pay the initial partial filing fee of $7.59 to the Clerk of Court on or before **June 8, 2018**. Failure to pay the initial partial filing fee within the specified time period may result in dismissal of the action with or without prejudice pursuant to Civil Local Rule 41(c) (E.D. Wis.) and Fed. R. Civ. P. 41(b).

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, the prisoner will be prohibited from bringing any other actions without prepayment of the filing fee (in forma pauperis) unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that his action is later dismissed for any of the above reasons, it will have an impact on the prisoner's ability to bring other actions without prepayment of the filing fee (in forma pauperis). This analysis of the complaint is not undertaken by the court until after the initial partial filing fee is paid. Accordingly, Neal will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under § 1915(g).

Notice to Plaintiff: If you do not wish to pay the filing fee as set forth in this Order or do not wish to proceed with this action to avoid incurring a "strike" under §1915(g), you must notify the court by filing a letter with the Clerk of Court on or before **June 8, 2018**, stating that you do not wish to prosecute this civil action. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under §1915(g).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that on or before **June 8, 2018**, Neal shall forward to the Clerk of Court the sum of $**7.59** as an initial partial filing fee.

Upon payment of the initial partial filing fee, the court will determine whether the action can continue to proceed without prepayment of the filing fee (in forma pauperis). The court will review the complaint to determine whether the action is frivolous or malicious and whether the complaint states a claim upon which relief can be granted. If the complaint does not meet this standard, the action will be dismissed.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where Neal is confined.

Dated at Milwaukee, Wisconsin this 17th day of May, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge

4