# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PERRY R. NEAL,<br><br>                              Plaintiff,<br><br>v.<br><br>STEVE DANIELS, THOMAS WICKEHAM, DIVISION OF COMMUNITY CORRECTIONS, and WISCONSIN DEPARTMENT OF CORRECTIONS,<br><br>                             Defendants. | Case No. 18-CV-697-JPS<br><br><br>**ORDER** |

Plaintiff, who is incarcerated at Stanley Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. *See* (Docket #1). On May 4, 2018, the Court assessed an initial partial filing fee ("IPFF") of $7.59 pursuant to 28 U.S.C. § 1951(b)(1). *See* (Docket #8). Plaintiff then requested that the entire $350 filing fee in this matter, including both the IPFF and the remaining balance, be paid from his prison release account. (Docket #10). The Court allowed Plaintiff to pay the IPFF from his release account but explained that it would not allow him to pay the entire filing fee from that account. (Docket #12). The Court instructed Plaintiff to request that the institution disburse the IPFF from his release account. *Id.* at 2.

On June 12, 2018, Plaintiff filed what purports to be a motion for reconsideration of the Court's order denying him access to his release account for the full filing fee. (Docket #14). For the reasons stated below, the Court will deny the motion.

The Court may not order a disbursement from Plaintiff's prison release account to pay the full filing fee in this matter. The most the Court can do is, as it has already done, permit the IPFF to be paid from his release account. *See Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002) (noting that "the federal Prison Litigation Reform Act [("PLRA")]...authorize[s] the courts to order that...a prisoner's release account be made available [to pay an IPFF]"). The Court lacks the authority—statutory or otherwise—to allow a prisoner to tap into his release account to pay current (or future) litigation costs beyond the IPFF. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so).

Denying prisoners the use of their release accounts to fund litigation costs is also prudent given that those accounts are "restricted account[s] maintained by the [DOC] to be used upon the prisoner's release from custody." *Id.* Permitting a prisoner to invade that account for litigation costs could be a detriment to the prisoner's likelihood of success post-incarceration, *see* Wis. Adm. Code. § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is overly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the

limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). He is not free, however, to tap into his release account to cover those legal costs.

Plaintiff's arguments to the contrary lack merit. First, he cites a 2016 letter he received from prison officials stating that they cannot disburse release account funds toward court filing fees without a court order. (Docket #14-1). For the reasons stated above, the Court finds it imprudent to permit Plaintiff to invade his release account for the entire filing fee but will permit the IPFF to be paid therefrom. Plaintiff has some funds, however meager, in his regular trust account, and it is from those funds that the balance of the filing fee in this matter will be paid over time. Moreover, while Plaintiff suggests that he was allowed to pay the filing fee in another matter using his release account funds, *see* (Docket #14 at 2), this Court will not do so for the reasons it has already given.

As a consequence, the Court is obliged to deny Plaintiff's request to pay the entire filing fee from his release account. He must submit a disbursement request to the institution so that the IPFF can be paid from his release account. If the IPFF is not received by the Court within fourteen (14) days of the date of this Order, this case will be dismissed for Plaintiff's failure to prosecute the same. Civ. L. R. 41(c); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to use his release account to pay the full filing fee in this matter (Docket #14) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff shall pay the IPFF in this matter, $7.59, within **fourteen (14) days** of the date of this Order by requesting a disbursement of that amount from his inmate release account, otherwise this matter will be dismissed; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 12th day of July, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge