# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PERRY R. NEAL,

                Plaintiff,

v.

STEVE DANIELS, THOMAS WICKEHAM, DIVISION OF COMMUNITY CORRECTIONS, and WISCONSIN DEPARTMENT OF CORRECTIONS,

                Defendants.

Case No. 18-CV-697-JPS

**ORDER**

    Plaintiff, a prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #3). Plaintiff has been assessed and paid an initial partial filing fee of $7.59. 28 U.S.C. § 1915(b)(4).

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774

(7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal

conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff complains of a conspiracy between his ex-wife, Patricia Hummel ("Hummel"), and state officials to pursue false criminal charges against him. *See* (Docket #1). Hummel is not named as a defendant, but Plaintiff does name his former Wisconsin parole agent, Steve Daniels ("Daniels"), and Thomas Wickeham ("Wickeham"), an employee of the Wisconsin Division of Hearings and Appeals. *Id.* at 1.[1] Plaintiff claims that he and Hummel had a contentious marital relationship, and on July 11,

---

[1] Plaintiff also names the Wisconsin Division of Community Corrections and the Wisconsin Department of Corrections as defendants, on the theory that they are liable for their employees' misconduct. However, a state corporate entity may not be held liable pursuant to Section 1983 solely because it employed a constitutional tortfeasor. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather, such an entity can be liable under Section 1983 only when an "official policy, widespread custom, or action by an official with policy-making authority was the 'moving force' behind [the plaintiff's] constitutional injury." *Daniel v. Cook Cnty.*, 833 F.3d 728, 734 (7th Cir. 2016) (quotation omitted). Plaintiff does not attempt to allege the existence of such a policy or practice, and Daniels' and Wickeham's actions in Plaintiff's own case cannot establish one. *See Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Thus, these two entities must be dismissed at the outset.

2000, she called his parole agent, Daniels, to have Plaintiff arrested for selling marijuana out of their home. *Id.* Plaintiff was not arrested on drug charges, but the following day he was arrested on charges of domestic abuse against Hummel. *Id.* He claims that Daniels knew the charges to be false and conspired with Hummel to fabricate them and supporting evidence. *Id.* at 1, 21–22.

Ten counts related to domestic violence were asserted against Plaintiff in *State of Wisconsin v. Perry R. Neal*, Brown County Circuit Court Case No. 2000CF000698. He had an initial appearance in August 2000. He was tried by the court in November 2000 and found guilty on all charges. The conviction was affirmed by the Wisconsin Court of Appeals and the Wisconsin Supreme Court. In the ensuing years, Plaintiff has filed many motions for post-conviction relief in state court, but all have been rejected. *See State v. Neal*, 879 N.W.2d 808, 2016 WL 1035285, at *1–3 (Wis. Ct. App. 2016). This Court rejected Plaintiff's federal habeas petition as untimely. *See Neal v. Kingston*, No. 06-C-123, 2006 WL 801009 (E.D. Wis. Mar. 24, 2006); *Neal v. Kingston*, Case No. 06-CV-123-JPS (E.D. Wis. Oct. 18, 2006), (Docket #23 at 4–8) (granting motion to dismiss on the ground that the habeas petition was time-barred). In late 2016, Neal filed an application with the Court of Appeals for the Seventh Circuit requesting leave to file a successive federal habeas petition. *See Neal v. Richardson*, Case No. 16-4010. The request was denied, as the Court of Appeals found that the habeas claims he sought to bring were very late and that Plaintiff did not apply due diligence in seeking to raise them. *Id.*, (Docket #2 at 1–2).

In addition to seeking post-conviction relief in state and federal court, Plaintiff filed a complaint with the Wisconsin Division of Hearings and Appeals regarding Daniels' alleged misconduct. (Docket #1 at 2). That

complaint was filed on October 30, 2003. *Id.* Wickeham reviewed the complaint and dismissed it in November 2003. *Id.* at 3. He found that the allegations against Daniels were unsupported and that the Division lacked the authority to review the claims, as Plaintiff was challenging his conviction and not a parole revocation decision. *Id.* Plaintiff disagrees with Wickeham's assessment, calling it biased and arguing that a "cursory review" of the evidence he submitted would have revealed that his claims against Daniels have merit. *Id.*

Plaintiff's allegations pertain to events mostly occurring over a decade ago. As such, they raise grave concerns about the statute of limitations. The statute of limitations is generally only operable as an affirmative defense, but a district court may dismiss a complaint if the plaintiff pleads enough information to show that the complaint is untimely. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir. 2002).

Section 1983 does not have its own limitations period. Instead, "to determine the proper statute of limitations for [Section] 1983 actions, a federal court must adopt the forum state's statute of limitations for personal injury claims." *Ashafa v. City of Chi.*, 146 F.3d 459, 461 (7th Cir. 1998) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). In Wisconsin, it has been long settled that Section 1983 claims must be brought within the period defined by Wis. Stat. § 893.53, which sets the limitations period for actions for "injury to character or other rights." Wis. Stat. § 893.53; *Gray v. Lacke*, 885

F.2d 399, 409 (7th Cir. 1989); *Hemberger v. Bitzer*, 574 N.W.2d 656, 660 (Wis. 1998). The limitations period under Section 893.55 is, for Plaintiff, six years.[2]

Although Wisconsin's limitation period applies, federal law governs when Plaintiff's claims accrued. *Kelly v. City of Chi.*, 4 F.3d 509, 511 (7th Cir. 1993). A Section 1983 claim accrues "when the plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief[.]'" *Wallace v. Kato,* 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). In other words, such a claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992).

To determine the timeliness of Plaintiff's claims, the Court must first identify the claims themselves. Plaintiff alleges that his claims arise under the Eighth and Fourteenth Amendments. (Docket #1 at 2–3). However, the Court has both the duty and the discretion to position Plaintiff's factual allegations within the most appropriate constitutional frameworks. *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005); *Gerhartz v. Richert*, No. 12-CV-731, 2013 WL 4498752, at *5 (E.D. Wis. Aug. 20, 2013), *aff'd*, 779 F.3d 682 (7th Cir. 2015). Assuming the truth of his allegations, Plaintiff could conceivably

---

[2]Prior to April 5, 2018, Section 893.53 set a limitations period of six years. Now, it is three. Plaintiff's claims straddle the amendment of the limitations period, for they accrued prior to April 5, 2018 but were first presented in this Court in the complaint filed on May 3, 2018. However, under Wisconsin law Plaintiff's claims are governed by the limitations period in force at the time they accrued, not at the time the action asserting them was filed. *See John Doe 1 v. Archdiocese of Milwaukee*, 734 N.W.2d 827, 833–34 (Wis. 2007); *Betthauser v. Med. Protective Co.*, 493 N.W.2d 40, 42 (Wis. 1992).

lodge a false arrest claim under the Fourth Amendment against Daniels.³ Against Wickeham, Plaintiff's claim would be that he was denied due process of law under the Fourteenth Amendment.

The false arrest claim against Daniels accrued in August 2000, when Plaintiff had his initial appearance in state court. *Wallace*, 549 U.S. at 389 (a false arrest claim accrues "at the time the claimant becomes detained pursuant to legal process"); *Parish v. City of Elkhart*, 614 F.3d 677, 683 (7th Cir. 2010).⁴ Plaintiff's due process claim against Wickeham accrued in November 2003, when his administrative complaint was dismissed. At that time, Plaintiff would have known that, to his mind at least, Wickeham had erroneously disposed of the grievance.

Without addressing the fact that his claims accrued long ago, Plaintiff appears to suggest that his federal complaint is premised upon

---

³Plaintiff would probably maintain that Daniels also engaged in malicious prosecution by pursuing charges using falsified evidence and perjured testimony. But Wisconsin law provides for such a claim, so it is not litigable as a constitutional tort. *Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir. 2017). Moreover, the state proceedings did not terminate in Plaintiff's favor, meaning any claim for malicious prosecution has not yet accrued. *Strid v. Converse*, 331 N.W.2d 350, 553–54 (Wis. 1983). Furthermore, because his claim is that the evidence against him was fabricated, success on the claim would necessarily undermine the validity of his conviction, and Plaintiff cannot bring this action as a form of collateral attack on his conviction. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Plaintiff, foreseeing the *Heck* problem, disclaims any intent to challenge his conviction, (Docket #1 at 22), but because his allegations, if true, are inconsistent with his conviction, *Heck* bars his suit anyway, *McCann v. Neilsen*, 466 F.3d 619, 621–22 (7th Cir. 2006).

⁴Other Circuit courts hold that if the false arrest claim will necessarily imply the invalidity of the ultimate conviction, then the claim does not accrue until the conviction is overturned. *See Wallace*, 440 F.3d at 430 (Posner, J., concurring). Even were that the rule in this Circuit, it would not help Plaintiff. If success on his false arrest claim would invalidate his conviction, that would push back the accrual date but would not give Plaintiff a claim, since his conviction has not yet been set aside. *Heck*, 512 U.S. at 486.

more recent evidentiary discoveries he has made. For instance, Plaintiff claims he obtained documentary evidence from his new parole agent, Andrew Jacobs, on August 14, 2012 through an open-records request. (Docket #1 at 1–2, 4–9). According to Plaintiff, those documents prove that Daniels participated in fabricating the domestic abuse allegations and may have had an "inappropriate relationship" with Hummel. *Id.*

This does not save his claims from the limitations bar. Plaintiff knew of the purported violations of his constitutional rights long before 2012. Indeed, Plaintiff must have known of the existence of his false arrest claim against Daniels no later than when he filed his October 2003 grievance with Wickeham relating to Daniels's alleged misconduct. *Id.* at 2. The fact that Plaintiff found additional evidence in 2012 does not mean that he did not know about this claim with sufficient clarity to bring a lawsuit asserting it prior to that time. *See Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir. 2017); *Haywood v. Champaign Cnty., Ill.*, 596 F. App'x 512, 512–13 (7th Cir. 2015). Notably, even if his claim against Daniels accrued in late 2003 as opposed to August 2000, it is still time-barred by about a decade.[5]

With respect to the claim against Wickeham, this would have accrued in November 2003, at the time of the allegedly wrongful denial of Plaintiff's request for administrative review of Daniels' conduct. Nothing in his 2012 discoveries affects Plaintiff's claim that Wickeham was biased

---

[5] Plaintiff does not cite it, but the Court further observes that the continuing violation doctrine affords him no relief. Incarceration is not the sort of ongoing injury that delays claim accrual. *Haywood*, 596 F. App'x at 513. His injury was complete and his claim accrued on the day of his initial appearance. The date he was or is to be released from prison on the conviction has no bearing on the limitations question. *See Wallace*, 440 F.3d at 428.

and trying to cover up Daniels' wrongdoing. Thus, the claim against Wickeham is also around ten years late.

Given the massive lateness of Plaintiff's claims, the Court will not entertain a resort to equitable tolling. Equitable tolling permits a plaintiff to avoid the limitations bar if despite the exercise of due diligence he is unable to learn of or file his claim. *See Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001). Although accrual is determined by reference to federal law, tolling and other questions affecting the length of the statute of limitations itself are controlled by state law. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001).

Wisconsin case law on equitable tolling is sparse, but it is clear that, as in *Shropshear*, tolling is available only when the plaintiff's failure to meet a filing deadline is out of the plaintiff's control or occurred despite the plaintiff's due diligence. *See State ex rel. Griffin v. Smith*, 677 N.W.2d 259, 269 (Wis. 2004); *Bey v. Hamblin*, 17-cv-784-jdp, 2018 WL 3075834, at *2 (W.D. Wis. June 21, 2018); *Winston v. Pamela H.*, No. 16-cv-610-jdp, 2016 WL 6808181, at *2 (W.D. Wis. Nov. 17, 2016). No such allegation could be maintained here. Plaintiff had six years to file a civil action seeking redress for the matters raised in his complaint. He knew of the contours of his claim, if not all the supporting evidence, well before this period expired. It would be nothing short of incredible if circumstances outside his control accounted for Plaintiff's years upon years of delay. Consequently, his claims against Daniels and Wickeham must be dismissed.[6]

---

[6]Plaintiff filed a motion to amend his complaint on July 16, 2018, contending that he would like to join a First Amendment claim against Daniels (and perhaps Wickeham as well). (Docket #16). The motion will be denied. Not only must complaints not be amended piecemeal, *Pentinmaki v. Morgan*, No. 10–cv–194–slc, 2010 WL 2197212, at *1 (W.D. Wis. May 28, 2010), the allegations and

In closing, the Court addresses Plaintiff's final, discrete claim seeking a declaratory judgment as to the authenticity of two documents relevant to his dispute with Daniels and Hummel. (Docket #1 at 23–25). The two documents are letters purportedly written in 2000 by Hummel that contradict her allegations against Plaintiff. See (Docket #1-1 at 14–15). In an affidavit executed in July 2014, Hummel denied the authenticity of the letters. *Id.* at 60–61. Daniels executed a similar affidavit. *Id.* at 72–73. During one of his rounds of post-conviction motion practice in state court, Plaintiff sought an evidentiary hearing regarding the authenticity of the letters. (Docket #1 at 24). That request was denied and the claim was dismissed on the ground that the claim should have been raised in an earlier post-conviction motion, but was not. *See State v. Escalona–Naranjo*, 517 N.W.2d 157, 164 (Wis. 1994). The dismissal was affirmed on appeal. *Neal*, 2016 WL 1035285, at *3–5.

This claim cannot proceed. First, the Declaratory Judgment Act, 28 U.S.C. § 2201, defines how a court issues declaratory relief; it is not a source of federal jurisdiction, *Rueth v. U.S. E.P.A.*, 13 F.3d 227, 231 (7th Cir. 1993). The Court cannot consider a request for declaratory relief that is not attached to a viable federal claim.

Toward that end, Plaintiff proposes a procedural due process claim like in *Skinner v. Switzer*, 562 U.S. 521 (2011), in which the Supreme Court permitted a prisoner to proceed on a claim that the state erroneously denied his request for DNA testing of evidence relevant to his conviction. Yet Plaintiff's claim is unlike that approved in *Skinner* in a critical respect. In

---

claims referenced in the motion are time-barred just like the others discussed herein. Amendment to join these new claims would, therefore, be futile. *See Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008).

*Skinner*, the prisoner did not contest the wisdom of the state courts' decisions denying him access to DNA testing. *Id.* at 530. Instead, he challenged the state statute governing the availability of DNA testing, arguing that the statutory hurdles for obtaining testing deprived him of due process. *Id.* Here, by contrast, Plaintiff does not contest the validity of the *Escalona-Naranjo* doctrine, the Wisconsin statute upon which it relies, or the Wisconsin statute governing the availability of an evidentiary hearing on a request for post-conviction relief. He simply says that the Wisconsin courts made the wrong decision in denying him a hearing.

As such, Plaintiff is directly challenging decisions of state courts in a federal district court, a maneuver prohibited by the *Rooker–Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). While the *Skinner* plaintiff properly theorized that the state statute governing DNA testing was unconstitutional, Plaintiff's claim is a frontal attack on the decision-making of the Wisconsin courts. The proper forum for that attack was through appeal to the U.S. Supreme Court, not a district court action. *See Cox v. Milwaukee Cnty. Dist. Attorney's Office*, No. 13–CV–434–JPS, 2013 WL 5918805, at *2 (E.D. Wis. Nov. 4, 2013); *Whitmore v. Alvarez*, No. 11 C 8724, 2013 WL 995770, at *4–5 (N.D. Ill. Mar. 13, 2013).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #3) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the complaint (Docket #16) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the prisoner is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with the prisoner's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers *bona fide* arguments supporting his appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of August, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge